62 F.3d 1426
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Paul Louis GASTON, Defendant-Appellant.
 No. 94-30261.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 2, 1995.*
Decided Aug. 7, 1995.
 
 Before: ALARCON, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Paul Louis Gaston appeals his conviction, following entry of a conditional guilty plea, to manufacturing marijuana in violation of 21 U.S.C. Sec. 841(a)(1). Gaston contends the district court erred by denying his motion to suppress evidence found in his residence because his consent to the search was involuntary. We have jurisdiction under 28 U.S.C. Sec. 1291. We affirm.
 
 
 3
 We review for clear error the district court's factual finding that a defendant voluntarily consented to a search. United States v. Cannon, 29 F.3d 472, 477 (9th Cir. 1994).
 
 
 4
 In determining whether consent was voluntary, the totality of the circumstances must be taken into account. See id. (citing Schneckloth v. Bustamonte, 412 U.S. 218, 227, 248-49 (1973)). Factors to be considered include: (1) whether defendant was in custody; (2) whether the arresting officers had their guns drawn; (3) whether Miranda warnings had been given; (4) whether the defendant was informed he had a right not to consent; and (5) whether the defendant was told a search warrant could be obtained. United States v. Castillo, 866 F.2d 1071, 1082 (9th Cir. 1988); accord United States v. Kim, 25 F.3d 1426, 1432 (9th Cir.), cert. denied, 115 S. Ct. 607 (1994).
 
 
 5
 Gaston asserts that the consent to search his residence was coerced because when agents obtained his consent, he was in custody, he and his fiancee ("Jackson") were kept handcuffed in the dark woods for an hour, and he believed that they would not be released from their uncomfortable position until consent was given.[1]
 
 
 6
 The district court examined the factors set forth in Castillo, and determined that given the totality of the circumstances, Gaston's consent was voluntary. First, Gaston was in custody when he was asked to consent to the search, but this one factor is not dispositive. See Kim, 25 F.3d at 1432; Castillo, 866 F.2d at 1082. Second, agents testified that all guns were returned to their holsters once Gaston was stopped and handcuffed. Third, agents testified that Gaston received Miranda warnings and that the procedure for obtaining a search warrant was explained to him. See Cannon, 29 F.3d at 477. In addition, Gaston gave oral consent to the search while he was still in the woods, and subsequently signed two separate consent forms giving agents permission to search the house.[2]
 
 
 7
 Because we discern no indication that the district court's finding was clearly erroneous, we affirm the determination that Gaston voluntarily consented to the search. See id. at 472; Kim, 25 F.3d at 1433. Thus, the district court did not err by denying Gaston's motion to suppress the evidence recovered from the residence.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4. Accordingly, appellant's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 At the suppression hearing, the testimony of both Gaston and Jackson was contradicted by the agents' testimony regarding how long Gaston and Jackson were in the woods, whether they were forced to remain kneeling while handcuffed, and whether the agents made coercive statements to Gaston, such as telling him they would have to "wake up a judge" to get a warrant. To the extent the district court's determination that the defendant was not coerced involved credibility assessments, such findings will not be overturned unless clearly erroneous. See Cannon, 29 F.3d at 477
 
 
 [2]
 One of the consent forms Gaston signed states that he had been "informed of [his] constitutional right not to have a search made of the premises hereinafter mentioned without a search warrant and of [his] right to refuse to consent to such a search" and further, that his permission was given "voluntarily and without threats or promises of any kind."